**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
Jason@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE C. ZENDEJAS**, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>v.<br><br>**SANTANDER CONSUMER USA INC.**,<br><br>                    Defendant. | CASE NO.: '13CV0037 IEG  NLS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE §§ 630 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. JOSE C. ZENDEJAS ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SANTANDER CONSUMER USA INC ("SANTANDER" or "Defendant") in recording telephone conversation/s of Plaintiff without the knowledge or consent of Plaintiff, in

CLASS ACTION COMPLAINT                                              PAGE 1 OF 12

violation of California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. ("IPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

3. Similarly, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff is a resident of California and SANTANDER is a resident of Illinois, which means that at least one class member belongs to a different state than that of any defendant, which is sufficient for minimal diversity. Plaintiff also seeks up to $5,000 in damages for each recorded call in violation of the IPA, which, when aggregated among a proposed class

numbering in the several thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

5. Venue is proper pursuant to 18 U.S.C. § 1391(b) because the injury to Plaintiff occurred in the County of San Diego and Defendant does business within the State of California and the County of San Diego.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of San Diego in the State of California.

7. Plaintiff is informed and believes, and thereon alleges, that SANTANDER is, and at all times mentioned herein was, a corporation whose primary corporate address is in the State of Texas, and is incorporated under the laws of Illinois.

8. Defendant has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do record telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

9. Plaintiff defines "relevant time" period as one year prior to the filing of the original complaint in this action to the present day.

10. At all relevant times, Plaintiff was an individual residing within the State of California.

11. At all relevant times, SANTANDER provides auto loans and auto refinance services, and has approximately 2,000 employees throughout the United States, with a dealer in Chula Vista, California.

12. On or about January 22, 2013, at approximately 8:45 p.m. (PST), a representative of SANTANDER contacted Plaintiff on Plaintiff's cellular telephone number in an attempt to reach Plaintiff's friend Monica Garcia ("Ms. Garcia"). Specifically, the representative asked Plaintiff whether his name was Jose and informed Plaintiff that the representative

was looking for Monica Garcia regarding a personal business matter. The SANTANDER representative also informed Plaintiff that Monica had listed Plaintiff as a reference and that the representative wanted to know how to contact Ms. Garcia.

13. In response, Plaintiff told the representative that Plaintiff did not have any other number for Ms. Garcia, and asked for the name of the representative. Defendant's representative identified herself as Melinda from SANTANDER.

14. Towards the end of the call, Plaintiff inquired of the representative, Melinda, whether the call was being recorded for some reason, to which Defendant's representative, Melinda, replied in the affirmative, stating, "yes, sir I am," or something similar.

15. The telephone number utilized by Defendant to contact Plaintiff's cellular telephone number was (888) 222-4227. Plaintiff's cellular telephone number contacted by Defendant ended in "6160."

16. This private telephone conversation concerned a personal business matter, the purpose of which Defendant's representative could not disclose because of the confidential nature of the intended subject matter of the call.

17. Upon information and belief, the purpose of this call from Defendant to Plaintiff was to attempt to collect a debt from Ms. Garcia by seeking to obtain contact or location information for Ms. Garcia from Plaintiff.

18. This conversation with Plaintiff was without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff. At no time during this call did Plaintiff give his consent, whether express or implied, for the telephone call to be recorded.

19. There was no prerecorded or oral recording advisement of any kind provided to Plaintiff at the outset of this telephone call initiated by Defendant. Plaintiff did not hear any intermittent beeping sounds during the call so as to indicate possible recording of the conversation.

20. At the time of the call, Plaintiff was at his home in bed, given the latest of the hour.

21. Plaintiff has never provided his cellular telephone number to Defendant. Plaintiff is not currently and has never been a SANTANDER customer.

22. Plaintiff was unaware that Defendant was recording the call until Plaintiff inquired of Defendant's representative towards the end of the call whether the call was being recorded. It is clear that Plaintiff would not have been told or warned that the call was being recorded, and the only reason that Plaintiff was informed of this was because Plaintiff specifically asked Defendant's representative if the call was being recorded for some reason.

23. Prior to this affirmative response regarding call recording by Defendant's representative, Defendant's representative gave Plaintiff no reason to suspect that the call was being recorded.

24. Reasonable California residents expect that their telephone communications, especially telephone calls from a business, are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call, since call recording advisements provided at the outset of telephonic communications with businesses are ubiquitous today.

25. Due to the lack of a recording advisement at the outset of the call to Plaintiff's cellular telephone, Plaintiff reasonably believed and expected that Defendant was not secretly recording the telephone conversation with Plaintiff.

26. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording telephone conversations with consumers, including Defendant's outgoing telephone calls to consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other similarly situated California residents.

27. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording California consumers without

providing any disclosure/s and/or warning/s as to said recording/s on Defendant's incoming or outgoing calls.

28. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to secretly record each and every telephone conversation on said telephone lines.

29. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other similarly situated California residents.

30. Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other similarly situated California residents, and California Penal Code § 632.7.

31. Plaintiff was justified in not bringing suit earlier because Defendant concealed from Plaintiff and similarly situated California residents that Defendant was recording the telephone calls between itself on the one hand and Plaintiff and other similarly situated California residents on the other.

32. Defendant concealed the fact that it was recording the afore-mentioned telephone calls to create the false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

34. Plaintiff represents and is a member of the "Class" defined as all persons in California whose telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original complaint in this action.

35. Furthermore, Plaintiff represents and is a member of the "Sub-Class" defined as all persons in California whose cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original complaint in this action.

36. Defendant, and its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the Class and Sub-Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the definition of the Class and Sub-Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class and Sub-Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class and Sub-Class can be identified through Defendant's records and/or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class and Sub-Class predominate over questions which may affect individual Class and Sub-Class members, including, but not limited to, the following:

   a. Whether Defendant had a policy of recording its outgoing calls;
   b. Whether Defendant disclosed to California consumer/s and/or obtains their consent that their incoming calls from Defendant were being recorded at the outset of the conversation;
   c. Whether the landline telephone calls constitute "confidential communications";

    d. Whether Defendant's policy of recording its outgoing calls constituted a violation of California Penal Code § 632(a);

    e. Whether Defendant's policy of recording its outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. Plaintiff is asserting claims that are typical of the Class and Sub-Class because every other member of the Class and Sub-Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the grater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

41. Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class in that Plaintiff has no interests antagonistic to any member of the Class and Sub-Class. Plaintiff has retained counsel experienced in handling class actions and claims under California's Invasion of Privacy Act to further ensure such protection.

42. Plaintiff and the members of the Class and Sub-Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class and Sub-Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class and Sub-Class members' claims, few, if any, Class and Sub-Class members could afford to seek legal redress for the wrongs complained of herein.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of the Class and Sub-Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class and Sub-Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Sub-Class as a whole.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *Kearney v. Salmon Smith Barney, Inc.,* (2006) 39 Cal. 4th 95, 125.

47. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

48. Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all

employees, officers, directors, and managers of Defendant.

49. Plaintiff is informed and believes and thereupon alleges that all these devices were maintained and utilized to record each and every one of Defendant's outgoing telephone conversations over said telephone lines.

50. Said recording equipment was used to record to the telephone conversations of Plaintiff and the members of the Class and Sub-Class, all in violation of California Penal Code § 632.

51. Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, failed to inform Plaintiff or any other member of the Class and Sub-Class, at the outset of their telephone conversations, that the recording of their telephone conversations were taking place, and at no time did Plaintiff or any other member of the Class and Sub-Class consent to this activity.

52. If any consent and/or disclosure was given, such disclosure/s and/or consent was not at the inception of the call/s.

53. Defendant, knowing that it was unlawful and a violation of the right to privacy of Plaintiff, the Class and Sub-Class, and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and Class and Sub-Class members' privacy by intentionally engaging in the recording activities relative to the telephone conversations between Plaintiff, the Class and Sub-Class on the one hand, and Defendant on the other hand, as alleged herein.

54. Based on the foregoing, Plaintiff and the members of the Class and Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

55. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

///

## SECOND CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

56. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

57. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to the communication … intentionally records, or assists in the … intentional recordation of, a communication transmitted between … a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

58. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

59. As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

60. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

61. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Sub-Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

62. Based on the foregoing, Plaintiff and the members of the Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

63. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Sub-Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or

any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, the Class and Sub-Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of the Class and Sub-Class and that Plaintiff be appointed representative of the Class and Sub-Class;

b. For the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

c. That the Court preliminarily and permanently enjoin Defendant from recording each and every outgoing telephone conversation with California residents, including Plaintiff, the Class and Sub-Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff, the Class and Sub-Class;

d. For general damages according to proof;

e. For special damages according to proof;

f. For costs of suit;

g. For prejudgment interest at the legal rate; and

h. For such further relief as this Court deems necessary, just, and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 12, 2013                                    **KAZEROUNI LAW GROUP, APC**

                                                           By: */s/ Abbas Kazerounian*
                                                                Abbas Kazerounian, Esq.
                                                                Attorney for Plaintiff

CLASS ACTION COMPLAINT                                                          PAGE 12 OF 12